UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TARPLEY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-876

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Movant Robert Tarpley's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (Dkt. No. 1, Mot. to Vacate.) For the reasons that follow, his motion will be denied.

## I.

Movant was indicted on February 26, 2004, for possession of heroin and cocaine with the intent to distribute, conspiracy to distribute heroin and cocaine, and being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2). (File No. 1:04-CR-52, Dkt. No. 1, Indict.) Movant pleaded guilty on February 7, 2006, and was sentenced to 180 months in prison followed by three years of supervised release. (File No. 1:04-CR-52, Dkt. No. 222, J.) Movant appealed and his conviction and sentence were affirmed by the court of appeals. *United States v. Tarpley*, 295 F. App'x 11 (6th Cir. 2008). Movant filed this § 2255 petition

pro se, asserting seventeen claims of ineffective assistance of counsel. (Dkt. No. 1.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504

(2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. Section 2255 does not require a full blown evidentiary hearing in every instance. "Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

3

**III.**

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

**A. Ineffective assistance of Counsel during pre-trial procedures**

Movant asserts that Counsel was ineffective because Counsel failed to file any pre-trial motions. Movant does not state what motions Counsel should have filed, or how Movant was prejudiced. This claim will be denied because it is conclusive and contains no facts to support the allegation.

Movant also stated that Counsel was ineffective for moving to Montana during the course of the pre-trial proceedings, and was only present by phone for the final pre-trial hearing held on February, 2, 2006. (Dkt. No. 1, Attach. 1, Br. in Supp. of Mot., 9.) Movant states that he was not able to see Counsel to discuss the case in person or to get "clarification or seek reassurance on last minute misgivings." (Dkt. No. 1, 4.) Movant claims that if Counsel had been present in person during the final pre-trial hearing, Counsel could have picked up on cues that Movant was uncomfortable. (Dkt. No. 1, Attach. 1, 10.) He suggests the possibility that Counsel was not even paying attention because Counsel was only listening

in on the conversation. (Dkt. No. 1, Attach. 1, 10.) Movant further states that it is possible Counsel would not have spoken up if Counsel had missed anything, or was unprepared, for fear of embarrassment of saying it out loud in front of everyone. (Dkt. No. 1, Attach. 1, 10.) While those possibilities exist, Movant does not allege that anything of that nature occurred. He did not set forth any specific actions or inactions on the part of Counsel that resulted from him not being physically present during that final pre-trial hearing. The record shows that Movant did have time to speak with Counsel privately on the phone at the conclusion of the conference and could have discussed any concerns at that time. (File No. 1:04-CR-52, Dkt. No. 241, Tr. of Final Pre-Trial, 12.) Movant stipulates that Counsel met with him for five hours prior to the final pre-trial hearing, and was there in person on the day of the second plea hearing and at sentencing. (Dkt. No. 11, Reply to Government Resp., 6.)

At sentencing Movant did express his disapproval of Counsel's performance. Movant informed the Court that he was not happy with Counsel because he had been in Montana during a portion of the proceedings. (File No. 1:04-CR-52, Dkt. No. 232, Sent. Tr., 9.) However, Movant's true concern seemed to be about the information in the pre-sentence report ("PSR") that he believed was not accurate or should not be considered by the court in deciding his sentence. (Sent. Tr., 9-10.) Movant specifically mentioned his concerns about prior arrests being used to show a career offender status, the amount of drugs attributed to him, as well as his desire to receive time served for the eight months he spent in state detention prior to sentencing. (Sent. Tr., 11, 16.) Movant had the opportunity at that time

to address any other concerns he may have had about Counsel, but did not do so.

Movant also fails to meet his burden of showing that he was prejudiced by Counsel's physical absence and only alleges that if he "had a warm body at his pre-trial conference on 2/2/06, [he] would have been able to detect [Counsel's] demeanor and not forfeited his Sixth Amendment right to trial." (Dkt. No. 11, 6.) At the conclusion of the final pre-trial conference, Movant had not forfeited anything. Movant later claims that it was "discussions with Mr. Merchant and detecting his demeanor in the courtroom [that] coerced [him] into a guilty plea." (Dkt. No. 11, 6.) Movant cannot claim that both Counsel's presence and lack of presence caused him to accept the guilty plea. Movant's claim that Counsel was ineffective for not being present at the final pre-trial hearing is without merit and will be denied.

Movant also claims that during pre-trial proceedings, Counsel accepted money from Movant's wife to facilitate Counsel coming to Michigan. (Dkt. No. 1, Attach. 1, 11-12.) Counsel states that he never received any money from Movant or his wife. (Dkt. No. 7, Attach. 1, 3.) Regardless, Movant has not alleged how Counsel accepting money to travel to Michigan prejudiced Movant in any way. Therefore, Movant's first claim that Counsel was ineffective during pre-trial procedures is without merit and will be denied.

**B. Ineffective assistance of Counsel for failing to file specific motions**

Movant lists four motions that he claims Counsel should have filed: (1) to quash the indictment; (2) to dismiss; (3) to produce exculpatory evidence; and (4) to suppress evidence

because the police did not have probable cause to enter Movant's premises on the day of the arrest. (Dkt. No. 1, Attach. 1, 12.) Movant also claims in his reply to the government's response that Counsel was ineffective for failing to file a motion to sever the cases because Movant's co-defendant may have testified in a way that would be "fatal at trial." (Dkt. No. 11, 5.) Movant claims that the motions should have been filed to "safeguard [his] rights at trial proceedings." *Id.* Movant only claims generally that if Counsel had filed the motion to suppress evidence, it "could have lead [sic] to a dismissal of charges because officials had no valid reason or evidence to enter [his] residence." (Dkt. No. 11, 5.) Movant provides no basis for his claims that the motions should have been filed and Counsel claims that he "determined that there were no 'non-frivolous' motions." (Dkt. No. 7, Aff. of David Merchant, 3.) A lawyer does not perform deficiently or prejudice his or her client by failing to raise frivolous objections. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). A frivolous objection, if made, would not have altered the proceedings and therefore Counsel's failure to file the motions was not unreasonable. *See Strickland,* 466 U.S. at 694. Assuming arguendo that the motions had merit, Movant does not show how failure to file these motions prejudiced him in any way because Movant entered a guilty plea and waived his right to a trial. (File No. 1:04-CR-52, Dkt. No.231, Plea Tr., 5.) Therefore, this claim will be denied.

**C. Ineffective assistance of Counsel for inducing the guilty plea by misrepresentation and withholding information**

Movant states that Counsel coerced him into taking the plea at the last minute by telling Movant that he "couldn't win" and he would get a life sentence if he went to trial. (Dkt. No. 1, 4.) Counsel states that Movant had been contemplating taking the plea and that it was "hard to believe" that Movant felt pressured because he was "an active part of how his case was going." (Dkt. No. 7, Attach. 1, 3.) At the plea hearing, Movant was asked if he was coerced or pressured to take the plea, and he replied that he was not. (Plea Tr., 7.) Movant volunteered other information at the plea hearing regarding his hesitations about Counsel, (see section A), so it is unlikely that Movant was unwilling to state at the plea hearing that he was being pressured. Movant further alleges that Counsel conspired with the United States Attorney's Office to create the first plea agreement and was even admonished by the Court. *Id.* The Court admonished the attorneys, not for conspiring to harm Movant, but for attempting to bind the court with a capped sentence agreement. (File No. 1:04-CR-52, Dkt. No. 230, Tr. of Mot. to Withdraw Plea, 3-6.) The fact that Counsel was attempting to garner a preferential plea agreement supports the proposition that Counsel was attempting to safeguard Movant's interests in receiving a low sentence, not harm him.

Movant also alleges that Counsel's "lack of assertiveness denied [Movant] a fair and impartial hearing." (Dkt. No. 1, Attach. 2, 14.) Movant does not state any specific facts to support his conclusion. Furthermore, Movant's allegations that Counsel was not assertive are contradicted by his claims that Counsel was pushy and coerced Movant to take the plea

agreement. (Dkt. No. 11, Attach. 14, Aff. of Robert Tarpley.) Movant's allegations are inherently incredible based on his contradictory assertions regarding Counsel's demeanor. Movant's claims of inducement to take the plea by misrepresentation and withholding information are without merit and will be denied.

**D. Ineffective assistance of Counsel for failing to raise objections during sentencing**

Movant alleges that Counsel was ineffective for promising to address several objections and then failing to do so. (Dkt. No. 1, Attach. 1, 14.) Movant claims Counsel promised to object to the amount of drugs attributed to Movant, (see section G), Movant's role as a manager in the conspiracy, and the application of the career criminal enhancement. (Dkt. No. 1, Attach. 1, 14; Dkt. No. 11, 8.) Counsel did submit his objections in the pre-sentence memorandum and all but two were resolved before sentencing; the remaining objections were raised orally at sentencing. (Mem.; Sent. Tr.)

Movant claims that his role as a manager in the offense was determined under 3B1.1(b), based solely on the testimony of the co-conspirators and should have been challenged by Counsel. (Dkt. No. 11, 9.) Counsel included this objection in his pre-sentence memorandum, (Mem., at 5), and at sentencing the court stated that it believed Movant was "partially responsible for the peddling of this poison." (Sent. Tr. 25) ("[H]e in fact had – he was the older guy, he was the wisdom person, the person who had experience and knew what was good cocaine and what wasn't good cocaine and knew how to package it and merchandise it."). Movant's own statements at the plea hearing regarding his involvement

9

in the conspiracy support the court's finding here. (Plea Tr., 8-10.) Therefore this claim is without merit and will be denied.

Movant also claims that his status as a career offender was incorrect because the two prior convictions were part of the same course of conduct. (Dkt. No. 11, 9.) This claim was raised by Movant on appeal to the Sixth Circuit Court of Appeals, and the Court found that the application of the career offender status did not prejudice Movant. *Tarpley*, 295 F. App'x 11 (6th Cir. 2008). The career offender offense level was less than the total calculated offense level, and was not used to calculate the guideline range. *Id*. Therefore, Movant was not prejudiced by the application of the career offender status. Notably, Counsel did discuss this status in his pre-sentence memorandum and advocated that the court not apply the career offender status. (Mem., 2-3.) Movant's allegations here are without merit and will be denied.

Movant further alleges that Counsel failed to raise objections during sentencing that would have introduced mitigating factors such as the following: (1) Movant was enrolled in rehabilitation services; (2) Movant was an addict; (3) the sentence should take into account Movant's age; and (4) Movant should receive credit for the time served while in state detention. (Dkt. No. 11, 18.) All of these allegations are without merit because the issues were raised in the pre-sentence memorandum submitted by Counsel and orally at sentencing. (Mem.; Tr. Sent.) Specifically, the court noted that it was "clear from the PSR that the Defendant has labored under his addiction for some time and . . . This Court may take into account Defendant's addiction as a mitigating factor in sentencing the Defendant."

(Mem., 5; *See United States v. Williams*, 78 F. Supp. 2d 189 (S.D.N.Y. 1999).) Therefore, Movant's claim of ineffective assistance of Counsel at sentencing is without merit and will be denied.

**E. Ineffective assistance of Counsel for lying to Movant and to the Court**

Movant alleges that Counsel was ineffective because he lied to both Movant and the Court when Counsel claimed that he had taken care of all of the detainers on Movant. (Dkt. No. 1, Attach. 2, 16.) Movant states that he was sent to United States Prison Terre Haute ("USPTH") because of an alleged detainer, and Counsel never provided the paperwork to Movant that he claimed to have. (Dkt. No. 1, Attach. 1, 16-17.) Movant states that he feared for his life while in USPTH, and that it was Counsel's fault. (Dkt. No. 1, Attach. 1, 17.) Movant merely claims that Counsel told him there was no detainer and, in fact, there was. Movant does not show how this alleged misrepresentation prejudiced his case or is grounds for vacating Movant's sentence. This claim is without merit and will be denied.

Additionally, Movant claims that Counsel was ineffective for failing to request bond for Movant after promising to do so. (Dkt. No. 1, Attach. 1, 17.) Counsel stated in his affidavit that he did not request bond because he did not believe Movant could overcome the burden to show detention was not needed. (Dkt. No. 7, Attach. 1, 4.) Counsel was also concerned with Movant's admitted "out of control" heroin habit. (Dkt. No. 7, Attach. 1, 4.) Movant has not stated how the failure to request bond prejudiced him and has not shown that if Counsel had requested bond Movant likely would have received it.

11

This claim will be denied.

Movant also asserts that Counsel was ineffective because he did not request that the eight months Movant served in state prison be applied to his sentence after Counsel promised to do so. (Dkt. No. 1, Attach. 1, 18-19.) Counsel did request that the time be applied to Movant's sentence. (Sent. Tr., 16.) Therefore, this claim is without merit and will be denied.

**F. Ineffective assistance of Counsel for failing to object to the pre-sentence report**

Movant claims that Counsel failed to object to Movant's alleged role in the offense and the gun enhancement in the PSR. (Dkt. No. 1, Attach. 1, 20.) The objection based on Movant's role was addressed above in section D and will be denied. Movant's objection to the gun enhancement contains no facts to support his allegations, and is merely conclusory. Therefore this claim is without merit and will be denied.

Movant also states that the criminal history in the PSR "over represents [sic] the seriousness of [Movant's] past criminal behavior." (Dkt. No. 1, Attach. 1, 21.) Counsel raised this objection in the pre-sentence memorandum, and the Court addressed it at sentencing. (Sent. Tr., 26.) The Court stated that the "guideline range is much too high for what this Court believes is an appropriate sentence under the facts and circumstances" and proceeded to sentence Movant below the maximum. (Sent. Tr., 26.) The objection was raised and resulted in a reduction of Movant's sentence. This claim is without merit and will be denied.

## G. Ineffective assistance of Counsel for failing to object to the quantity of drugs attributed to Movant

Movant objects to the amount of dugs attributed to him in the PSR, and claims that Counsel was ineffective for not objecting to the inaccuracy. (Dkt. No. 1, Attach. 1, 23.) On direct appeal of his conviction, Movant alleged that the Court should have made an independent ruling on the amount of drugs, but the court of appeals found that where the issue was not controverted, the Court was not required to do so. *Tarpley,* 295 F. App'x 11, 15-16 (6th Cir. 2008). Movant now alleges Counsel was ineffective for not objecting to the amount requiring the Court to rule on it. Movant must show that it was unreasonable for Counsel to not object, and that if raised, the objection to the drug amount likely would have resulted in a lower finding by the Court.

The PSR stated that Movant was being held responsible for 2.97 kilograms of heroin and 1.19 kilograms of powder cocaine. (PSR, ¶ 62.) The PSR also stated that Movant proffered statements to the police regarding the conspiracy, the frequency of the drug exchanges, and the amount of drugs and money involved in each exchange. (PSR, ¶ 63-65.) Movant proffered similar information at the first plea hearings. (File No. 1:04-CR-52, Dkt. No. 197, Tr. of Plea Hr'g I, 33.) Most importantly, Movant stated very clearly at the beginning of the second plea hearing that he did not agree with everything in the PSR and that he would only admit to what he actually did. *Id.* Movant proceeded to say that it was reasonably foreseeable that the amount of drugs involved, both by the conspiracy as a whole and his own personal use, was more than one kilogram. *Id.* Because Movant proffered

13

information in prior interviews with the police and at the plea hearings, it was not unreasonable for Counsel to not object to the amount of drugs assigned to Movant in the PSR.

If Counsel had objected, it would not have been likely to affect the outcome. During the plea hearing, the government stated that they intended to show that Movant possessed or conspired to possess the alleged quantity of heroin and cocaine. (Dkt. No. 1, Attach. 3, at 9-10, Plea Hr'g.) For the conspiracy as a whole, the amount only had to constitute one kilogram or more. (Tr. of Plea Hr'g I, 24.) The Court was aware of Movant's personal use of the drugs and the amount used by the entire conspiracy based on Movant's own statements as well as the PSR. *See United States v. Page*, 232 F.3d 536, 542 (6th Cir. 2000) (holding that when a member of a conspiracy obtains drugs for personal use, they are aggregated with the quantity of drugs used for the conspiracy). It is likely that even if Counsel had contested the amount of drugs attributed to Movant in the PSR, the court would have relied on the government's proofs and Movant's own statements to overrule the objection. Therefore, Movant's claim is without merit and will be denied.

**H. Ineffective assistance of Counsel for ineffective use of the private investigator**

Movant claims that Counsel was ineffective because he did not consult with Movant about the private investigator hired by Counsel. (Dkt. No. 1, 8.) Movant claims the private investigator was Counsel's friend and that the investigator asked questions that frustrated Movant. (Dkt. No. 1, 8.) Movant states that Counsel "should have consulted [Movant] in

order to let him voice his concerns." *Id.* Movant alleges that he told Counsel he did not like the investigator, but because Counsel did nothing about it, this "discouraged [Movant] and prevented him from continuing to trial." (Dkt. No. 11, 18.) However, Movant alleges no specific reasons that Counsel's actions were unreasonable or how the failure to consult with Movant regarding the private investigator actually prevented Movant from going to trial. Because Movant has not supplied supporting facts, this claim is conclusory and without merit and will be denied.

**I. Ineffective assistance of Counsel for failing to object to the base level for the drugs**

The Court has addressed this claim in section G. This claim will be denied.

**J. Ineffective assistance of Counsel for being ill-equipped for the defense**

Movant alleges that Counsel should have prepared a stronger defense based on Movant's status as a drug addict. (Dkt. No. 1, 9.) Movant claims that a defense based on his criminal history of simple possession and use "was plausible" and could have resulted in his sentence being reduced. (Dkt. No. 11, 19.) In general, trial tactics are given great deference, and debatable trial tactics do not necessarily constitute ineffective assistance of counsel. *Samatar v. Clarridge*, 225 Fed. App'x. 366 (6th Cir. 2007). Movant provides no evidence that Counsel did not prepare a defense, and the record shows that Counsel stated he was prepared and ready for trial as of the final pre-trial hearing.[1] (Tr. of Final Pre-Trial Hr'g, 9-

---

[1] Notably, Counsel must have investigated the issue, as he specifically discussed Movant's history as a drug addict as a mitigating factor at sentencing. (Sent. Tr., 14-18.)

10.) Movant has also failed to show that he was prejudiced by Counsel's actions. Movant pleaded guilty to count one, and waived his right to go to trial. (File No. 1:04-CR-52, Dkt. No. 212, Mins. of Change of Plea.) Movant could not be prejudiced by Counsel's alleged failure to prepare for trial when there was no trial. This claim will be denied.

**K. Ineffective assistance of Counsel for not objecting to the court's denial of a continuance at sentencing**

Movant states that Counsel was ineffective for failing to object to the Court's denial of the continuance at sentencing based on Movant's inability to review the PSR. (Dkt. No. 1, 9.) Movant states that he did not have an opportunity to go over the amended PSR with counsel. (Dkt. No. 11, 19.) However, Movant stated at sentencing that he had prepared his own notes of his objections to the PSR, (Sent. Tr., 12), and he does not dispute that he and Counsel had reviewed the previous drafts of the PSR. (Dkt. No 1, Attach. 2, 6.) Movant also "does not contend that the amended PSR was substantially different than the previous version." (Dkt. No 1, Attach. 2, 6.) Movant's allegations that he did not have proper time to review the PSR with Counsel is irrelevant because he personally had reviewed the amended report, and he had reviewed the previous, and materially similar, reports with Counsel. Notably, Movant's claims that Counsel failed to object are contradicted by the fact that Counsel moved for an adjournment on the grounds that Movant had been unable to review the PSR, but the Court denied the motion.[2] (Dkt. No. 1, Attach. 1, at 6; Sent. Tr., 4.)

---

[2] On direct appeal, the court of appeals rejected Movant's claim that the Court abused its discretion by failing to grant the continuance because Movant had not shown actual prejudice. *Tarpley*, 295 F. App'x at 16.

Movant's claim is without merit and will be denied.

**L. Ineffective assistance of Counsel for rendering imprudent advice**

Movant claims that Counsel was ineffective for telling Movant that he should not withdraw his plea. (Dkt. No. 1, 9.) Movant alleges that Counsel told Movant that if Movant withdrew his plea, he would be "on his own." *Id.* Movant claims this left him with no choice but to continue with the plea. This claim is contradicted by the record because Movant did later withdraw his first plea and Counsel did not leave him.[3] (Dkt. No. 11, 20.) Movant has not shown how Counsel's statements, if made, prejudiced Movant because he withdrew his original plea. This claim will be denied.

**M. Ineffective assistance of Counsel for allowing Movant to make incriminating statements at sentencing**

Movant alleges that Counsel was ineffective for allowing Movant to make statements at sentencing that were incriminating. (Dkt. No. 1, 10.) Movant claims he felt compelled to say something at sentencing because Counsel was "doing nothing to help the situation." (Dkt. No. 1, 10.) Movant's claim has no merit because at the time he was making the statements, his guilt had already been determined by his guilty plea, and therefore the statements could not have been incriminatory. Movant has not shown prejudice or that any of the statements were used against him to increase his sentence. This claim will be denied.

---

[3]The plea agreement referenced is the first plea entered into on May 24, 2005, and withdrawn on November 2, 2005. (Dkt. No. 11, Attach. 14, at 5; File No. 1:04-CR-52, Dkt. Nos. 170, 198.)

**N. Ineffective assistance of Counsel for failing to move for a continuance at the time of the plea**

Movant claims that Counsel was ineffective for not moving for a continuance at the time of the plea due to "an untimely receipt of an exorbitant amount of Jencks material." (Dkt. No. 1, 10.) Movant claims that he was unable to adequately review the material with Counsel prior to trial. *Id.* Movant's claim is without merit for several reasons. First, Jencks material, or evidence relied upon by the government witnesses who testify at trial, need not be presented until after the witness testifies. 18 U.S.C. § 1500(a)-(b). The materials were therefore early, and Counsel was not unreasonable for not moving for a continuance to review the materials with Movant. Second, Movant has not shown how inadequate time to review the material with Counsel prejudiced Movant because Movant pleaded guilty and there was no trial. Counsel stated that the information provided "came as no surprise" and that he was unquestionably prepared to go to trial. (Dkt. No. 7, Attach. 1, 6.) Therefore, this claim is contradicted by the record and will be denied.

**O. Ineffective assistance of Counsel for not investigating the defense thoroughly**

Movant alleges that Counsel was ineffective because Counsel should have prepared a stronger defense including utilizing Movant's probation officer as a witness. (Dkt. No. 1, 10.) Movant claims that "if counsel had called [Movant's] Parole Officer, Juanita Ball[,] to testify, the outcome of the events would have been more favorable." (Dkt. No. 1, 10.) Counsel claims that he could not have called Ms. Ball because it was clear after interviewing her that "she was no supporter of [Movant] and would not be any assistance to his defense

whatsoever." (Dkt. No. 7, Attach. 1, 6.) In general, trial tactics are given great deference, and debatable trial tactics do not necessarily constitute ineffective assistance of counsel. *Samatar*, 225 Fed. App'x. at 366. This Court finds that this was not an unreasonable trial tactic by Counsel. Moreover, because there was no trial, Movant was not prejudiced by Counsel's failure to list Ms. Ball as a potential witness. The record shows that Counsel stated he was prepared and ready for trial as of the final pre-trial hearing. (Tr. of Final Pre-Trial Hr'g, 9-10.) This claim is without merit and will be denied.

**P. Ineffective assistance of Counsel for failing to review the pre-sentence report with Movant**

The Court has addressed this claim in sections D, G, and K. This claim will be denied.

**Q. Ineffective assistance of Counsel for failing to object to the Court extending Movant's sentence for rehabilitation purposes**

Movant claims that Counsel was ineffective because he did not object to the Court's application of a longer sentence for the purposes of rehabilitation. (Dkt. No. 1, 11.) Movant is correct that a judge cannot extend incarceration for rehabilitation purposes, but he or she may consider factors such as the need for medical care and substance abuse treatment in determining a sentence. 18 U.S.C. § 3555(a). The record contradicts Movant's claim that his sentence was extended for the purpose of rehabilitation. Movant was actually sentenced below the recommended maximum, partially due to Counsel's statements at sentencing that Movant was an addict in need of treatment, and based on this Court's evaluation of all factors. (Sent. Tr., 24) (the Court recognized its "duty to impose a sentence sufficient but not greater than necessary to comply with the purposes of Section 3553(a)."). Movant's sentence

19

included evaluation for mental health and substance abuse treatment, which is an appropriate method of rehabilitation. (Sent. Tr., 26-27; 18 U.S.C. § 3553(a)(2)(D).) This claim is without merit and will be denied.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: November 8, 2010                    /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE